**TOM PETRUS & MILLER, LLLC**

RICHARD B. MILLER      3729-0
rmiller@tpm-hawaii.com
Telephone: (808) 792-5855
DAVID R. HARADA-STONE  6229-0
dharada-stone@tpm-hawaii.com
Tel #(808) 792-5800
Finance Factors Center
1164 Bishop Street, Suite 650
Honolulu, Hawaii  96813
Telephone: (808) 792-5800

Attorneys for Plaintiff
THE NORTH RIVER INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE NORTH RIVER INSURANCE COMPANY, a New Jersey corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>H.K. CONSTRUCTION CORPORATION,<br><br>  Defendant. | CIVIL NO. _____<br>(Declaratory Judgment)<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

# **COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now Plaintiff THE NORTH RIVER INSURANCE COMPANY ("TNRIC"), by and through its attorneys, Tom Petrus & Miller, LLLC, and for its Complaint against Defendant H.K. CONSTRUCTION CORPORATION (hereinafter "HK Construction" or "Defendant") alleges and avers as follows:

## JURISDICTION AND VENUE

1. Plaintiff TNRIC is a New Jersey corporation with its principal place of business in Morristown, New Jersey.

2. Upon information and belief, HK Construction is a Hawai'i corporation with its principal place of business in Honolulu, Hawai'i.

3. There is complete diversity of citizenship between the parties, and the amount in controversy herein exceeds $75,000.

4. All or a substantial portion of the events giving rise to the claims asserted herein occurred in the City and County of Honolulu and State of Hawai'i, and venue thus lies in this Court.

5. TNRIC brings this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201 asking this Court to determine, as a matter of law, that TNRIC has no duty under certain insurance policies to defend or indemnify HK Construction for claims asserted against it in a complaint filed in the Circuit Court of the First

Circuit, State of Hawai'i, in an action entitled *Bruce Bingle and Yulin Bingle v. Edward H. Nitahara, et al.*, Civil No. 19-1-0349-03 (the "Underlying Lawsuit").

6. There is an actual and continuing controversy between TNRIC and HK Construction as to TNRIC's duty to defend and/or indemnify HK Construction in the Underlying Lawsuit.

## THE UNDERLYING LAWSUIT

7. On March 1, 2019 Bruce and Yulin Bingle (the "Bingles") filed their Complaint in the Underlying Lawsuit.

8. The Bingles allege that HK Construction, as contractor for Edward and Teruko Nitahara, undertook excavation work on the boundary between their property and the Nitaharas' property in Kaneohe, Hawai'i in or about March 2017.

9. The Bingles further allege that on or about March 3, 2017, after heavy rains, the slope behind their home failed resulting in a landslide, substantial soil erosion, and damage to a rock wall on the Bingles' property.

10. The Bingles also allege that as a result of the damage, a pending sale of their property fell through.

11. Also according to the Complaint in the Underlying Lawsuit, the City and County of Honolulu issued a Notice of Violation to HK Construction and the Nitaharas for failure to obtain a grading permit for the work on the Nitaharas' property.

12. The Bingles allege that HK Construction promised to undertake remediation work to correct the damage to their property but failed to do so.

13. The Bingles assert claims against HK Construction for withdrawal of lateral support, violation of county ordinances regarding grading and permitting, and negligence.

14. The Bingles seek special damages in the amount of $433,000 as well as attorneys' fees, costs and pre- and post-judgment interest.

## THE POLICIES

15. TNRIC issued a primary policy No. 5038361703 to HK Construction for the policy period of May 1, 2016 to May 1, 2017 (the "Primary Policy"). TNRIC also issued an excess liability policy No. 5821050771 to HK Construction for the policy period of April 14, 2016 to May 1, 2017 (the "Excess Policy").

16. The Primary Policy's commercial general liability ("CGL") coverage part affords liability coverage for "bodily injury," "property damage" and "personal and advertising injury" with limits of $1 million per occurrence and $2 million in the aggregate, subject to a property damage deductible of $1,000 per claim.

17. The Excess Policy affords liability coverage with limits of $1 million per occurrence and $1 million in the aggregate in excess of underlying insurance.

18. The Primary Policy's CGL coverage part was written on ISO Form CG 00 01 12 07, which includes the following relevant provisions:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

    b. This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period[.]

2. **Exclusions**

    This insurance does not apply to . . .

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty

>   to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . . .
>
>   **2.   Exclusions**
>
>   This insurance does not apply to . . .

19.   The Primary Policy's CGL coverage part is modified by Endorsement

FM 101.0.1839 04 00, which provides, in relevant part, as follows:

>   THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
>
>   SUBSIDENCE AND EARTH MOVEMENT AND EARTH PRESSURE EXCLUSION.
>
>   This endorsement modifies insurance provided under the following:
>
>   COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
>   The following exclusion is added to paragraph 2., Exclusions of Coverage A – Bodily Injury and Property Damage Liability and paragraph 2., Exclusions of Coverage B – Personal and Advertising Injury Liability (Section 1 – Coverages):
>
>   This insurance does not apply to any liability for "Bodily Injury", "Personal and Advertising Injury", or "Property Damage" directly or indirectly arising out of, caused by, resulting from, contributed to, or aggravated by "Subsidence and Earth Movement" or "Earth Pressure." Such loss or damage is excluded regardless of any other cause or event, including any product, work or operation provided or performed by or on behalf of the insured, that contributes concurrently or in any sequence to the loss or damage.

> It is further agreed that Section I – Coverages Supplementary Payments – Coverages A and B do not apply to any claim or "suit" seeking damages excluded by this endorsement.
>
> "Subsidence and Earth Movement" means: any movement of land, including, but not limited to, subsidence, settling, sinking, slipping, falling away, caving in, shifting, eroding, mud flow, rising, tilting, bulging, cracking, shrinking or expansion of foundations, walls, roofs, floors, or ceilings, or any other movements of land or earth.
>
> "Earth Pressure" means: pressure exerted by land or earth, whether or not combined with water.

20. The CGL coverage part also includes the following relevant definitions:

> **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> Accidental "property damage" or "bodily injury" caused by "your work" will be considered to be caused by an "occurrence", but coverage for such damage or injury remains subject to application of all policy terms, conditions, exclusions and limits.[1]
>
> **14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> > **a.** False arrest, detention or imprisonment;
> >
> > **b.** Malicious prosecution;
> >
> > **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises

---

[1] The definition of "occurrence" is quoted here as modified by Endorsement FM 101.0.2570 09 10.

    that a person occupies, committed by or on behalf of its owner, landlord or lessor;

 **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

 **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

 **f.** The use of another's advertising idea in your "advertisement"; or

 **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement."

. . . .

**17.** "Property damage" means:

 **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

 **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

21. The Excess Policy was written on Form FM 101.0.302 (9/96), which includes the following relevant provisions:

> INSURING AGREEMENT
>
> We will pay on your behalf of the ULTIMATE NET LOSS (1) in excess of all UNDERLYING INSURANCE and (2) only after all UNDERLYING INSURANCE has been exhausted by the payment of the limits of such insurance for losses arising out of occurrences insure by all of the policies designated in the Declarations as

8

> UNDERLYING INSURANCE. If any UNDERLYING INSURANCE does not pay a loss for reasons other than the exhaustion of an aggregate limit of insurance, then WE shall not pay such loss . . .
>
> The Definitions, Terms, Conditions, and Exclusions of the "CONTROLLING UNDERLYING INSURANCE" scheduled in Item 5 of the Declarations, in effect at the inception of this policy, apply to this coverage unless they are inconsistent with the provisions of this policy, or relate to premium, subrogation, or any obligation to defend, the payment of expenses, limits of insurance, cancellation or any renewal agreement.

22. HK Construction tendered the defense of the Underlying Lawsuit to TNRIC, which is providing a defense under a reservation of rights.

## STATEMENT OF CLAIM

23. The Primary Policy, as modified by Endorsement FM 101.0.1839 04 00, expressly excludes "property damage" directly or indirectly arising out of, caused by, resulting from, contributed to, or aggravated by "Subsidence and Earth Movement" or "Earth Pressure."

24. Such loss or damage is excluded regardless of any other cause or event, including any product, work or operation provided or performed by or on behalf of the insured, that contributes concurrently or in any sequence to the loss or damage.

25. The endorsement defines "Subsidence and Earth Movement" as *any* movement of land, including, but not limited to subsidence, settling, sinking,

slipping, falling away, caving in, shifting, eroding, mud flow . . . or any other movements of land or earth.

    26.    The Excess Policy incorporates the terms, conditions and exclusions of the Primary Policy.

    27.    The failure of the slope on the Bingles' property, landslide and damage to the rock wall alleged in the Complaint all arise from "earth movement" as defined in the Primary Policy.

    28.    Accordingly, Endorsement FM 101.0.1839 04 00 precludes coverage under TNRIC's policies for the claims asserted in the Underlying Lawsuit, and TNRIC has no duty to defend or indemnify HK Construction against those claims.

WHEREFORE Plaintiff TNRIC prays for relief as follows:

    A.    For a binding declaration by this Court that TNRIC has no duty to defend or indemnify HK Construction for the claims asserted against it in the Underlying Lawsuit.

    B.    For reimbursement of all costs, including attorneys' fees, incurred by TNRIC for the defense of HK Construction in the Underlying Lawsuit.

    C.    For TNRIC's attorneys' fees and costs in this declaratory relief action.

    C.    For such other and further relief as the Court deems just and equitable under the circumstances.

DATED: Honolulu, Hawaii, April 19, 2019.

/s/ Richard B. Miller
RICHARD B. MILLER
DAVID R. HARADA-STONE

Attorneys for Plaintiff
THE NORTH RIVER INSURANCE
COMPANY