FILED

JUL 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORTH RIVER INSURANCE COMPANY, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> H.K. CONSTRUCTION CORPORATION, <br><br> Defendant-Appellant. | No. 20-16207 <br><br> D.C. No. 1:19-cv-00199-DKW-KJM <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted July 9, 2021[**]
Honolulu, Hawaii

Before: NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

This insurance dispute concerns an "earth movement" exclusion to H.K. Construction Corp.'s commercial general liability ("CGL") policy. After a third party sued H.K. for damage from a landslide H.K. caused, H.K.'s insurer, The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

North River Insurance Co., sought declaratory relief that the exclusion provision foreclosed coverage. The district court granted summary judgment in favor of North River. H.K. appeals.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's interpretation of insurance policy language. *Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 426 (9th Cir. 2011). We review for abuse of discretion the district court's rejection of H.K.'s equitable estoppel defense. *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). We affirm.

1. The district court properly concluded that the earth movement exclusion unambiguously precludes coverage. An insurance policy "should be interpreted according to its plain, ordinary, and accepted sense in common speech consistent with the reasonable expectations of a layperson." *Hart v. Ticor Title Ins. Co.*, 272 P.3d 1215, 1224 (Haw. 2012). A plain reading of the earth movement exclusion is only susceptible to one reasonable interpretation: the exclusion applies to damage from earth movement even if the "work or operation provided or performed by or on behalf of [H.K.]" was a causal factor. The reasonable expectations doctrine does not refer to the layperson's assumptions about coverage; it refers to a lay reading of the policy language. *See Chase v. State Farm Fire & Cas. Co.*, 780 A.2d 1123, 1132 (D.C. 2001) ("[P]urchasers of insurance may often retain expectations that are contrary to the language of their policies. . . . Nonetheless, the reasonable

expectations doctrine is not a mandate for courts to rewrite insurance policies . . . ."). H.K. cites no authority suggesting that an earth movement exclusion is contrary to public policy.

2. The district court properly rejected the argument that North River should be estopped from denying coverage. In the absence of prejudice or evidence that estoppel is required to prevent a manifest injustice, the doctrine of equitable estoppel generally cannot be used to broaden a policy's coverage. *AIG Haw. Ins. Co. v. Smith*, 891 P.2d 261, 266 (Haw. 1995). H.K. has not established that it suffered prejudice or manifest injustice when North River's consultants gave the injured party a report recommending an "overly-engineered" solution. North River denied coverage just one day after providing the report to the injured party and over 18 months before the injured party filed suit. H.K. has not demonstrated that at the time North River denied coverage, it was no longer possible for H.K. to hire its own experts, attempt a settlement with the injured party, or prepare its own defense. *See Delmonte v. State Farm Fire & Cas. Co.*, 975 P.2d 1159, 1171 (Haw. 1999) (holding that there was no detriment or manifest injustice when the insurer issued a reservation of rights letter two months after assuming the insured's defense because the insured "exercised some control over the defense" during that time).

**AFFIRMED.**